UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

HILDA SOLIS, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

BKS BETHPAGE INC., a Corporation,
d/b/a B.K. Sweeney's Parkside Tavern, and
MICHAEL SWEENEY, Individually and as President,
WILLIAM CAVEN, Individually and as Vice President,
JOSEPH GELSHENEN, Individually and as Vice President,
JOHN PROBST, Individually and as Treasurer,
JOHN COUMATOS, Individually and as Secretary

        Defendants.

------------------------------------------------------------

Civil Action File

No. 11-CV-6232

CONSENT JUDGMENT

(LDW, GRB)

**FILED**
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ JAN 03 2012 ★

**LONG ISLAND OFFICE**

Plaintiff, the Secretary of Labor, has filed her Complaint and defendants BKS BETHPAGE INC. d/b/a B.K. Sweeney's Parkside Tavern; MICHAEL SWEENEY, Individually and As President; WILLIAM CAVEN, Individually and as Vice President; JOSEPH GELSHENEN, Individually and as Vice President; JOHN PROBST, Individually and as Treasurer; and JOHN COUMATOS, Individually and as Secretary, appeared by Counsel, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair

Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

II. Defendants BKS BETHPAGE INC. d/b/a B.K. Sweeney's Parkside Tavern, MICHAEL SWEENEY, Individually and as President, WILLIAM CAVEN, Individually and as Vice President, JOSEPH GELSHENEN, Individually and as Vice President, JOHN PROBST, Individually and as Treasurer, and JOHN COUMATOS, Individually and as Secretary, are enjoined and restrained from withholding the payment of a total of $52,770.99 ($35,180.66 in minimum wage and overtime compensation; plus $17,590.33 in Liquidated Damages). Payment of this amount will be made on or before December 15, 2011 by a cashier or certified check

made payable to "Wage and Hour Division - Labor" with "Case No. 1596404" written on the face of the check. The check shall be sent to:

    U.S. Department of Labor/Wage & Hour Division
    The Curtis Center, Suite 850, West
    170 S. Independence Mall West
    Philadelphia, PA 19106-3317

III. On or before December 15, 2011, defendants shall send a copy of each of the check to:

    U.S. Department of Labor/Wage & Hour Division
    1400 Old Country Road, Suite 410
    Westbury, New York 11590-5119
    Attn: Diane Callan, Assistant Director

IV. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

V. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VI. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

VII. Defendants shall pay civil money penalties in the amount of $5,610.00 on or before December 15, 2011. Payment shall be made by a separate cashier or certified check made

3

payable to "Wage and Hour Division - Labor" with "Civil Money Penalty – FLSA Case No. 1596404" written on the face of the check for $5,610.00.

The certified check shall be sent to:

U.S. Department of Labor/Wage Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106-3317

On or before December 15, 2011, Defendants shall send a copy of the check to Diane Callan, Assistant Director as set forth in paragraph III above.

VIII. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

IX. Defendants shall orally inform all their employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

X. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendants under section 16(b) of the Act for any violations alleged to have occurred after **March 6, 2011.**

4

XII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED:

DATED: 1/3/12
Central Islip, NY

s/ Leonard D. Wexler
UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel and consent to the entry of this Judgment.

BKS BETHPAGE INC.
d/b/a B.K. Sweeney's Parkside Tavern

BY:

MICHAEL SWEENEY, Individually and as President

WILLIAM KAVAN, Individually and as Vice President

JOSEPH GELSHENEN, Individually and as Vice President

JOHN PROBST, Individually and as Treasurer

JOHN COUMATOS, Individually and as Secretary

Glenn J. Franklin, Esquire
Franklin, Gringer and Cohen PC
666 Old Country Road, Suite 202
Garden City, New York 11530

Attorneys for Defendants

5

STATE OF NEW YORK        )
                         :SS:
COUNTY OF NASSAU         )

On the 9 day of December, 2011 before me personally appeared Michael Sweeney to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

BARBARA MARINO
Notary Public, State of New York
NO. 01MA6050340
Qualified in Nassau County
Commission Expires April 22, 2014

_Barbara Marino_
NOTARY PUBLIC

6

STATE OF NEW YORK          )
                           :SS:
COUNTY OF NASSAU           )

On the 9 day of December, 2011 before me personally appeared William Caven to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

*Barbara Marino*
NOTARY PUBLIC

BARBARA MARINO
Notary Public, State of New York
NO. 01MA5059340
Qualified in Nassau County
Commission Expires April 22, 2014

7

STATE OF NEW YORK       )
                        :SS:
COUNTY OF NASSAU        )

On the 9 day of December, 2011 before me personally appeared Joseph Gelshenen to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

BARBARA MARINO
Notary Public, State of New York
NO. 01MA5059340
Qualified in Nassau County
Commission Expires April 22, 2014

NOTARY PUBLIC

8

STATE OF NEW YORK    )
                     :SS:
COUNTY OF NASSAU     )

On the 9 day of December, 2011 before me personally appeared John Probst to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

BARBARA MARINO
Notary Public, State of New York
NO. 01MA5059340
Qualified in Nassau County
Commission Expires April 22, 2014

_____
NOTARY PUBLIC

STATE OF NEW YORK        )
                         :SS:
COUNTY OF NASSAU         )

On the 9 day of December, 2011 before me personally appeared John Coumatos to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

BARBARA MARINO
Notary Public, State of New York
NO. 01MA5059340
Qualified in Nassau County
Commission Expires April 22, 2014

_Barbara Marino_
NOTARY PUBLIC

10

# EXHIBIT A

*BKS BETPAGE, INC.*
*Case ID 1596404*

|  |  | Amount Due | Liquidated Damages | Total Due |
|---|---|---|---|---|
| Alfonso | Bautista | $5,880.00 | $2,940.00 | $8,820.00 |
| kevin | Coumatos | $84.42 | $42.21 | $126.63 |
| Ivan | Diojenes | $4,900.00 | $2,450.00 | $7,350.00 |
| Marcos | Figueroa | $2,940.00 | $1,470.00 | $4,410.00 |
| Delmer | Galdamez | $4,900.00 | $2,450.00 | $7,350.00 |
| Miguel | Juarez | $3,920.00 | $1,960.00 | $5,880.00 |
| Robert | Marino | $338.78 | $169.39 | $508.17 |
| Pedro | Reyes | $300.00 | $150.00 | $450.00 |
| Henry | Romero Hernandez | $5,880.00 | $2,940.00 | $8,820.00 |
| Joseph | Simone | $120.02 | $60.01 | $180.03 |
| Gilberto | Velasquez | $5,880.00 | $2,940.00 | $8,820.00 |
| Neftaly | Velasquez | $37.44 | $18.72 | $56.15 |
|  | **Totals** | $35,180.66 | $17,590.33 | $52,770.99 |

EXHIBIT A

11